# EXHIBIT A

≋ EFILED IN OFFICE
CLERK OF STATE COURT
CHATTOOGA COUNTY, GEORGIA

**22SCA3905**

**JUN 22, 2022 01:58 PM**

*Kim Windle James*
Kim Windle James, Clerk
Chattooga County, Georgia

IN THE STATE COURT OF CHATTOOGA COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| SANDY COHEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | |
| | ) | FILE NO. _____ |
| LELAND WOLFE, | ) | |
| RYAN LOGISTICS, INC., BLITZ | ) | |
| TRANSPORTATION, INC. | ) | |
| AUTO-OWNERS INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## C O M P L A I N T

**COMES NOW** Plaintiff herein and file this Complaint for money damages as follows:

1.

Defendant Ryan Logistics, Inc., is a corporation qualified to do business in Ohio, and whose registered agent, Faye D. Cox, has been served at 110 South Main Street, Marysville, OH 43040, and is therefore subject to the jurisdiction and venue of this Court therefore subject to the jurisdiction of this Court.

2.

Defendant Blitz Transportation, Inc., is a corporation qualified to do business in Ohio, and whose registered agent, Matt Price, has been served at 1332 Dakota Road, Bellefontaine, OH 43311, and is therefore subject to the jurisdiction and venue of this Court therefore subject to the jurisdiction of this Court.

3.

Defendant Leland Wolfe resides out of state at 880 Black Road, Hopewell, OH 43746 and is therefore subject to the jurisdiction of this Court and has been served

personally and/or through the Secretary of State under the auspices of the Non-Resident motorist statute.

4.

Defendant Auto-Owners Insurance Company is a foreign corporation authorized to transact business in the State of Georgia, and may be served by serving a copy of the summons and complaint on its registered agent in Fulton County, Linda Banks, CT Corporation System, 289 Culver St S, Lawrenceville, GA 30046 and is subject to the jurisdiction of this Court.

5.

Defendant Auto-owners Insurance Company is subject to the jurisdiction and venue of this Court pursuant to OCGA §46-7-12.

6.

On or about June 30th, 2020, on a public roadway known as State Road 1 near its intersection with Farrar Drive, Plaintiff Sandy Cohen was driving a 2010 Honda Pilot in a safe and prudent manner.

7.

On or about said date, at approximately 9:30 a.m., the vehicle in which the Plaintiff was driving was impacted by a tractor-trailer being driven by Defendant Wolfe and owned by Defendants Ryan Logistics, Inc. and/or Blitz Transportation, Inc.

8.

Defendant Wolfe was at all times material hereto an agent and employee of Defendants Ryan Logistics, Inc. and/or Blitz Transportation, Inc., and was acting in said capacity as an agent for and on behalf of said Defendants Ryan Logistics, Inc. and/or Blitz Transportation, Inc.

9.

By reason of the principal/agent relationship that existed between Defendant Wolfe and Defendants Ryan Logistics, Inc. and/or Blitz Transportation, Inc., at said time and place, any negligence on the part of Defendant Wolfe in the operation of said motor vehicle is imputed to Defendants Ryan Logistics, Inc. and/or Blitz Transportation, Inc.

10.

Plaintiff shows that the aforesaid collision was proximately caused by negligence of Defendants and said acts of negligence of said individual include, but are not limited to, the following:

(a)   Immediately prior to the aforesaid collision, Defendant Wolfe was following too closely in violation of O.C.G.A. § 40-6-49 and is therefore guilty of negligence per se;

(b)   Immediately prior to the aforesaid collision, Defendant failed to exercise due care of O.C.G.A. § 40-6-241, and is therefore guilty of negligence per se;

(c)   Immediately prior to the aforesaid collision, Defendant Wolfe misjudged clearance;

(d)   Immediately prior to the aforesaid collision, Defendant Wolfe failed to take evasive action;

(e)   Immediately prior to the aforesaid collision, Defendant Wolfe failed to warn;

(f)   Immediately prior to the aforesaid collision, Defendant Wolfe failed to keep a proper look-out; and

(g)   Any and all acts of negligence which may be shown at trial due to Defendants having failed to exercise ordinary care under the circumstances as required by O.C.G.A. § 51-1-2.

11.

As a direct result of said negligence and gross negligence on the part of said Defendants, Plaintiff incurred damages of medical expenses, lost wages, and extensive physical pain and mental anguish.

12.

All of the injuries to Plaintiff as stated herein are due to the negligence and gross negligence of the Defendants, and said negligence is the sole, direct, and proximate cause of injuries to the Plaintiff, unmixed with any negligence on the part of the Plaintiff or on the part of any other person.  Plaintiff has needed medical treatment due to these injuries and will continue to need treatment in the future.   A partial list of that treatment is as follows:

**Medicals**
| | | |
|---|---|---|
| 1) | **Redmond Regional Med Ctr** | $ 27,016.20 |
| 2) | **Dr. Shahid-Salles/ER Physician** | $  1,661.00 |
| 3) | **Harbin Clinic** | $   550.00 |
| 4) | **Dr. Leslie Tucker** | $  1,790.00 |
| 5) | **Davis Family Chiropractic** | $  2,014.98 |
| 6) | **Performance Physical Therapy** | $  6,742.00 |
| 7) | **Neurological Inst. for Concussion** | $  1,100.00 |
| 8) | **Center for Pain Management** | $  5,491.00 |
| 9) | **Pavilion Spine Surgery Center** | $19,842.00 |
| 10) | **American Health Imaging** | $  4,043.00 |
| 10) | **ENT & Allergy of NW Georgia** | $  1,008.31 |
| 11) | **Ford Chiropractic** | $  7,227.12 |
| 12) | **Total Health Chiropractic** | $   605.00 |

**TOTAL MEDICALS**            **$79,090.61**

## COUNT TWO -- DIRECT ACTION

13.

Plaintiff realleges and incorporates by reference the foregoing portions of the Complaint as if set forth fully herein.

14.

Defendant Auto-Owners Insurance Company was the insurer of Defendants Ryan

Logistics, Inc. and/or Blitz Transportation, Inc. at the time of the subject incident and issued a liability policy to comply with the filing requirements under Georgia law for intrastate transportation.

15.

Defendant Auto-Owners Insurance Company is subject to a direct action as the insurer for Defendants Ryan Logistics, Inc. and/or Blitz Transportation, Inc. pursuant to O.C.G.A. § 40-2-140.

16.

Defendants Ryan Logistics, Inc. and/or Blitz Transportation, Inc.and Defendant Auto-Owners Insurance Company are subject to the filing requirements in O.C.G.A. § 40-2-140.

17.

Defendant Auto-Owners Insurance Company is responsible for any judgment rendered against Defendants for injuries to Plaintiff.

WHEREFORE, Plaintiff respectfully demands as follows:

(a)    Process issue and Defendants be served with process according to law;

   (b)    That a judgment be entered for the Plaintiff and against the Defendants for special damages for past, present and future medical expenses and lost wages, as may be shown by the evidence at the time of trial;

   (c)    That a judgment be entered for the Plaintiff and against the Defendants, for general damages for her past, present and future pain and suffering in an amount as may be determined by the enlightened conscience of the jury;

   (d)    Plaintiff have and be awarded a trial by jury; and

(e)    Plaintiffs have such other and further relief as this court and jury may deem

just and proper under the premises and circumstances.

**THE LAW OFFICE OF RICKARD, DREW & NIX**

By:    /s/ *Clyde Rickard*_____
       **CLYDE E. RICKARD**
       State Bar No.  604625
       **JESSICA C. NIX**
       State Bar No. 940625
       **CHRISTOPHER SANDBACH**
       State Bar No. 271112
       Attorneys for Plaintiff

229 Peachtree Street, N.E.
Suite 2420
Atlanta, Georgia 30303
(404) 588-1001

Case 4:22-cv-00170-WMR   Document 1-1   Filed 08/03/22   Page 8 of 70

SC-85-2

22020054

GLENN BERRY CO., COVINGTON, GA 30015

STATE COURT OFFICE

CHATTOOGA COUNTY, GEORGIA

**22SCA3905**

JUL 25, 2022 10:54 AM

Kim Wirdle James, Clerk
Chattooga County, Georgia

Civil Action No. 22 SCA 3905

Date Filed 6-22-2022

|  |  |
|---|---|
| Superior Court | ☐ |
| State Court | ☒ |
| Juvenile Court | ☐ |
| Magistrate Court | ☐ |
| Probate Court | ☐ |

Georgia, Chattooga COUNTY

Attorney's Address
Rickmed, Drew; Nix
229 Peachtree St NE Ste 2420
Atlanta GA 30303

Sandy Cohen
_____ Plaintiff

VS.

Leland Wolfe, Ryan Logistics, Inc.
Blitz Transportation, Inc. & Auto
Owners Ins. Co.
_____ Defendant

Name and Address of Party to be Served.
Auto Owners Insurance Company
c/o Linda Banks CT Corporation System
289 Culver Street
Lawrenceville, GA 30056

RECEIVED 2022 JUL -1 PM 2:51 C.S.O. CIVIL

_____ Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**

☐ I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS**

☐ I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**

☒ Served the defendant Auto Owners Insurance Company _____ a corporation
by leaving a copy of the within action and summons with Linda Banks
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**

☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said
affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the
defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the
place stated in the summons.

**NON EST**

☐ Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This 5 day of July , 20 22 .

_____ 30300
DEPUTY

SHERIFF DOCKET _____ PAGE _____

WHITE-CLERK   CANARY-PLAINTIFF   PINK-DEFENDANT

SHERIFF'S ENTRY OF SERVICE                                    SC-85-2

Civil Action No. 22SCA3905

Date Filed 6-22-2022

Superior Court ☐    Magistrate Court ☐
State Court ☒       Probate Court ☐
Juvenile Court ☐

Georgia, CHATTOOGA                    COUNTY

Attorney's Address

RICKARD DREW & NIX
229 Peachtree St NE Ste 2420
ATLANTA GA 30303

Sandy Cohen

Plaintiff

VS.

Leland Wolfe, Ryan Logistics, Inc.,
Blitz Transportation, Inc. & Auto-
Owners Insurance Co

Defendant

Name and Address of Party to be Served

Auto-Owners Insurance Company
c/o RA Linda Banks, CT Corp. System
289 S. Culver Street
Lawrenceville, GA 30056

Garnishee

RECEIVED 2022 JUL -1 PM 2: [?]   CIVIL DIV. G.C.S.O.

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐
I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS** ☐
I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☑
Served the defendant Auto Owners Insurance Company a corporation
by leaving a copy of the within action and summons with Linda Banks
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐
Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This 5 day of July, 20 22.

_____ 50300
DEPUTY

SHERIFF DOCKET_____ PAGE _____

Civil Action No. _22SCA3905_

Date Filed _6-22-2022_

Superior Court ☐
State Court ☐
Juvenile Court ☐

Magistrate Court ☐   OFFICE ☐
Probate Court ☐   STATE COURT ☐
CHATTOOGA COUNTY, GEORGIA

Georgia, _Chattooga_ 22SCA3905
COUNTY

**JUL 20, 2022 02:00 PM**

Attorney's Address
RICCARDO DREW NIX
229 Peachtree St NE Ste 2420
Atlanta GA 30303

_Sanay Cottery_ _Kim Wrdle James_
Kim Wrdle James, Clerk
Chattooga County, Georgia
Plaintiff

VS.

Name and Address of Party to be Served.
Blitz Transportation Inc.
c/o Reg Agent MATT PRICE
1332 Dakota Road
Bellefontaine, OH 43311

_Leland Wolfe, Ryan Logistics, Inc.,
Blitz Transportation, Inc., & Auto
owners Ins. Co._
Defendant

_____

_____

Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**

I have this day served the defendant _Matt Price_ personally with a copy
of the within action and summons.

w) _July 13, 22_    _Dep. J. Puckett_

**NOTORIOUS**

I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place of abode in this County.

☐ Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**

☐ Served the defendant _____ a corporation
by leaving a copy of the within action and summons with _____
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**

☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**

☐ Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This _17_ day of _July_ , 20 _22_ .

feed:
service  6.00
mileage  12.00
$18.00  pd. ck # 1521

_Dep. J. Puckett_
DEPUTY

SHERIFF DOCKET_____ PAGE _____

WHITE-CLERK    CANARY-PLAINTIFF    PINK-DEFENDANT

⚜ EFILED IN OFFICE
CLERK OF STATE COURT
CHATTOOGA COUNTY, GEORGIA

**22SCA3905**

**JUL 09, 2022 03:49 PM**

Kim Wheele James, Clerk
Chattooga County, Georgia

Control Number : SOP-22148001

# STATE OF GEORGIA
## Secretary of State
### Corporations Division
### 313 West Tower
### 2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530

## CERTIFICATE OF ACKNOWLEDGEMENT

I, Brad Raffensperger, Secretary of State of the State of Georgia, do hereby certify under the seal of my office that copies of legal documents regarding service of process upon:

### Leland Wolfe

have been filed with the Secretary of State on 07/08/2022 pursuant to O.C.G.A. § 40-12-2 relating to the following matter:

Case: Sandy Cohen v. Leland Wolfe
Court: State Court of Chattooga County
Civil Action No.: 22SCA3905

Witness my hand and official seal in the City of Atlanta and the State of Georgia on 07/09/2022.



Brad Raffensperger
Secretary of State

**SERVICE OF PROCESS**

*Electronically Filed*
Secretary of State
Filing Date: 7/8/2022 1:08:46 PM

| FILING INFORMATION | |
| --- | --- |
| Filing Type | : Service of Process |
| Control Number | : SOP-22148001 |

| DEFENDANT INFORMATION | |
| --- | --- |

The name of the business entity or individual (the "defendant") for which the Secretary of State is being served as statutory agent is as follows:

| | |
| --- | --- |
| Defendant Type | : Individual |
| Defendant's Name | : Leland Wolfe |
| Defendant's Address Where Service Attempted and/or Forwarded | : 880 Black Road, Hopewell, OH, 43746, USA |

| STATUTORY AUTHORITY | |
| --- | --- |

Service is being made on the Secretary of State pursuant to the following O.C.G.A. section:

O.C.G.A. § 40-12-2

| CASE INFORMATION | |
| --- | --- |

The service of process filing relates to the following proceeding:

| | |
| --- | --- |
| Name of Plaintiff | : Sandy Cohen |
| Style of Proceeding | : Sandy Cohen v. Leland Wolfe, Ryan Logistics, Inc., Blitz Transportation, Inc., and Auto-Owners Insurance Company |
| Civil Action Number | : 22SCA3905 |
| Court | : State Court of Chattooga County |

| SERVICE OF PROCESS DOCUMENTS | |
| --- | --- |

See attached document(s).

| FILER's INFORMATION | |
| --- | --- |
| Filer Type | : Individual |
| Name | : Jessica C Nix, Nix |
| Address | : 229 Peachtree St NE, Suite 2420, Atlanta, GA, 30303, USA |

| AUTHORIZER INFORMATION | |
| --- | --- |
| Authorizer Name | : Jessica C Nix |

# STATE COURT OF CHATTOOGA COUNTY
# STATE OF GEORGIA

⊕ **EFILED IN OFFICE**
CLERK OF STATE COURT
CHATTOOGA COUNTY, GEORGIA

**22SCA3905**

**JUN 22, 2022 01:58 PM**

*Kim Windle James*
Kim Windle James, Clerk
Chattooga County, Georgia

CIVIL ACTION NUMBER  22SCA3905

COHEN, SANDY

_____

**PLAINTIFF**

**VS.**

WOLFE, LELAND
RYAN LOGISTICS, INC.
BLITZ TRANSPORTATION, INC.
AUTO-OWNERS INSURANCE COMPANY

_____

**DEFENDANTS**

## SUMMONS

TO: WOLFE, LELAND

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Jessica Nix**
> **The Law Office of Rickard, Drew & Nix**
> **229 Peachtree Street NE**
> **International Tower, Suite 2420**
> **Atlanta, Georgia 30303**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 22nd day of June, 2022.**

Clerk of State Court

*Kim Windle James*

_____

Kim Windle James, Clerk
Chattooga County, Georgia

⚜ EFILED IN OFFICE
CLERK OF STATE COURT
CHATTOOGA COUNTY, GEORGIA

**22SCA3905**

**JUN 22, 2022 01:58 PM**

*Kim Wheele James*
Kim Wheele James, Clerk
Chattooga County, Georgia

IN THE STATE COURT OF CHATTOOGA COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| SANDY COHEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | |
| | ) | FILE NO. _____ |
| LELAND WOLFE, | ) | |
| RYAN LOGISTICS, INC., BLITZ | ) | |
| TRANSPORTATION, INC. | ) | |
| AUTO-OWNERS INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## C O M P L A I N T

**COMES NOW** Plaintiff herein and file this Complaint for money damages as follows:

1.

Defendant Ryan Logistics, Inc., is a corporation qualified to do business in Ohio, and whose registered agent, Faye D. Cox, has been served at 110 South Main Street, Marysville, OH 43040, and is therefore subject to the jurisdiction and venue of this Court therefore subject to the jurisdiction of this Court.

2.

Defendant Blitz Transportation, Inc., is a corporation qualified to do business in Ohio, and whose registered agent, Matt Price, has been served at 1332 Dakota Road, Bellefontaine, OH 43311, and is therefore subject to the jurisdiction and venue of this Court therefore subject to the jurisdiction of this Court.

3.

Defendant Leland Wolfe resides out of state at 880 Black Road, Hopewell, OH 43746 and is therefore subject to the jurisdiction of this Court and has been served

personally and/or through the Secretary of State under the auspices of the Non-Resident motorist statute.

4.

Defendant Auto-Owners Insurance Company is a foreign corporation authorized to transact business in the State of Georgia, and may be served by serving a copy of the summons and complaint on its registered agent in Fulton County, Linda Banks, CT Corporation System, 289 Culver St S, Lawrenceville, GA 30046 and is subject to the jurisdiction of this Court.

5.

Defendant Auto-owners Insurance Company is subject to the jurisdiction and venue of this Court pursuant to OCGA §46-7-12.

6.

On or about June 30th, 2020, on a public roadway known as State Road 1 near its intersection with Farrar Drive, Plaintiff Sandy Cohen was driving a 2010 Honda Pilot in a safe and prudent manner.

7.

On or about said date, at approximately 9:30 a.m., the vehicle in which the Plaintiff was driving was impacted by a tractor-trailer being driven by Defendant Wolfe and owned by Defendants Ryan Logistics, Inc. and/or Blitz Transportation, Inc.

8.

Defendant Wolfe was at all times material hereto an agent and employee of Defendants Ryan Logistics, Inc. and/or Blitz Transportation, Inc., and was acting in said capacity as an agent for and on behalf of said Defendants Ryan Logistics, Inc. and/or Blitz Transportation, Inc.

9.

By reason of the principal/agent relationship that existed between Defendant Wolfe and Defendants Ryan Logistics, Inc. and/or Blitz Transportation, Inc., at said time and place, any negligence on the part of Defendant Wolfe in the operation of said motor vehicle is imputed to Defendants Ryan Logistics, Inc. and/or Blitz Transportation, Inc.

10.

Plaintiff shows that the aforesaid collision was proximately caused by negligence of Defendants and said acts of negligence of said individual include, but are not limited to, the following:

 (a)    Immediately prior to the aforesaid collision, Defendant Wolfe was following too closely in violation of O.C.G.A. § 40-6-49 and is therefore guilty of negligence per se;

(b)    Immediately prior to the aforesaid collision, Defendant failed to exercise due care of O.C.G.A. § 40-6-241, and is therefore guilty of negligence per se;

(c)    Immediately prior to the aforesaid collision, Defendant Wolfe misjudged clearance;

(d)    Immediately prior to the aforesaid collision, Defendant Wolfe failed to take evasive action;

(e)    Immediately prior to the aforesaid collision, Defendant Wolfe failed to warn;

(f)    Immediately prior to the aforesaid collision, Defendant Wolfe failed to keep a proper look-out; and

(g)    Any and all acts of negligence which may be shown at trial due to Defendants having failed to exercise ordinary care under the circumstances as required by O.C.G.A. § 51-1-2.

11.

As a direct result of said negligence and gross negligence on the part of said Defendants, Plaintiff incurred damages of medical expenses, lost wages, and extensive physical pain and mental anguish.

12.

All of the injuries to Plaintiff as stated herein are due to the negligence and gross negligence of the Defendants, and said negligence is the sole, direct, and proximate cause of injuries to the Plaintiff, unmixed with any negligence on the part of the Plaintiff or on the part of any other person.  Plaintiff has needed medical treatment due to these injuries and will continue to need treatment in the future.  A partial list of that treatment is as follows:

**Medicals**
| | | |
|---|---|---|
| 1) | **Redmond Regional Med Ctr** | $ 27,016.20 |
| 2) | **Dr. Shahid-Salles/ER Physician** | $  1,661.00 |
| 3) | **Harbin Clinic** | $    550.00 |
| 4) | **Dr. Leslie Tucker** | $  1,790.00 |
| 5) | **Davis Family Chiropractic** | $  2,014.98 |
| 6) | **Performance Physical Therapy** | $  6,742.00 |
| 7) | **Neurological Inst. for Concussion** | $  1,100.00 |
| 8) | **Center for Pain Management** | $  5,491.00 |
| 9) | **Pavilion Spine Surgery Center** | $19,842.00 |
| 10) | **American Health Imaging** | $  4,043.00 |
| 10) | **ENT & Allergy of NW Georgia** | $  1,008.31 |
| 11) | **Ford Chiropractic** | $  7,227.12 |
| 12) | **Total Health Chiropractic** | $    605.00 |

**TOTAL MEDICALS**                    **$79,090.61**

## COUNT TWO -- DIRECT ACTION

13.

Plaintiff realleges and incorporates by reference the foregoing portions of the Complaint as if set forth fully herein.

14.

Defendant Auto-Owners Insurance Company was the insurer of Defendants Ryan

— 4 —

Logistics, Inc. and/or Blitz Transportation, Inc. at the time of the subject incident and issued a liability policy to comply with the filing requirements under Georgia law for intrastate transportation.

15.

Defendant Auto-Owners Insurance Company is subject to a direct action as the insurer for Defendants Ryan Logistics, Inc. and/or Blitz Transportation, Inc. pursuant to O.C.G.A. § 40-2-140.

16.

Defendants Ryan Logistics, Inc. and/or Blitz Transportation, Inc.and Defendant Auto-Owners Insurance Company are subject to the filing requirements in O.C.G.A. § 40-2-140.

17.

Defendant Auto-Owners Insurance Company is responsible for any judgment rendered against Defendants for injuries to Plaintiff.

WHEREFORE, Plaintiff respectfully demands as follows:

(a)     Process issue and Defendants be served with process according to law;

(b)     That a judgment be entered for the Plaintiff and against the Defendants for special damages for past, present and future medical expenses and lost wages, as may be shown by the evidence at the time of trial;

(c)     That a judgment be entered for the Plaintiff and against the Defendants, for general damages for her past, present and future pain and suffering in an amount as may be determined by the enlightened conscience of the jury;

(d)     Plaintiff have and be awarded a trial by jury; and

(e)     Plaintiffs have such other and further relief as this court and jury may deem

just and proper under the premises and circumstances.

                              **THE LAW OFFICE OF RICKARD, DREW & NIX**


                      By:     /s/ *Clyde Rickard*
                              **CLYDE E. RICKARD**
                              State Bar No.  604625
                              **JESSICA C. NIX**
                              State Bar No. 940625
                              **CHRISTOPHER SANDBACH**
                              State Bar No. 271112
                              Attorneys for Plaintiff

229 Peachtree Street, N.E.
Suite 2420
Atlanta, Georgia 30303
(404) 588-1001

⚖ **EFILED IN OFFICE**
CLERK OF STATE COURT
CHATTOOGA COUNTY, GEORGIA

**22SCA3905**

**JUN 22, 2022 01:58 PM**

*Kim Windle James*
Kim Windle James, Clerk
Chattooga County, Georgia

IN THE STATE COURT OF CHATTOOGA COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| SANDY COHEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | |
| | ) | FILE NO. _____ |
| LELAND WOLFE, | ) | |
| RYAN LOGISTICS, INC., BLITZ | ) | |
| TRANSPORTATION, INC. | ) | |
| AUTO-OWNERS INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF S FIRST INTERROGATORIES AND RE UEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT LELAND WOLFE

**COME NOW** the Plaintiffs and for purposes of discovery and all purposes authorized by law, require the Defendant, Leland Wolfe, to answer under oath the following Interrogatories within forty-five (45) days from the date of service hereof, as provided by law, and to serve a copy of said Answers on Plaintiff, c/o The Law Office of Rickard, Drew   Nix, Suite 2420, International Tower, 229 Peachtree Street, N.E., Atlanta, Georgia 30303.

NOTE A:  When used in these Interrogatories and Request to Produce, the word "you," or any synonym thereof, is intended to and shall embrace and include in addition to the Defendant named above, said Defendant s attorneys, agents, servants, employees, representatives, investigators, and all others who may have obtained information for or on behalf of said Defendant and over which information Defendant has control and access.

NOTE B:  Pursuant to Georgia Civil Practice Act, these Interrogatories are to be regarded as continuing in nature and Defendant is requested to seasonably

supplement the responses with respect to any question directly addressed to (a) the identity and location of persons having knowledge of discoverable matters, and (b) the identity of each person expected to be called as an expert witness at trial, the subject matter of which is expected to be called as an expert witness at trial, the subject matter of which he is expected to testify and the substance of his testimony.   The Defendant is further requested to seasonably amend his responses if he obtains information upon the basis of which (a) he knows that the response was incorrect when made, or (b) he knows that the response is no longer true.

1.

Please state your address, telephone number, date of birth, social security number, license number, and the name of your spouse and children.

2.

Please list every other address you have resided at in the past ten (10) years, specifying how long you have resided at each address.

3.

Please state the name, address, and telephone number of all persons who have any knowledge whatsoever of the collision which is the subject matter of the Complaint heretofore filed who are known to you or your attorneys or representatives, specifically identifying those who are eyewitnesses.

4.

Is Defendant protected by liability insurance or any other insuring agreements for any damages that they may be required to pay Plaintiff as a result of this action   If so, please state the name and address of such insurance company or companies, the limits of liability of the policy or policies, the named insurance company and the limits

of liability of the policy or policies, and the named insured in said policy or policies. For any insuring agreements, please describe the key terms of this agreement, and what additional protection is afforded to Defendant pursuant to said agreement.

5.

Did you reside with any relatives when the collision occurred that is the subject of this lawsuit

(a)    If so, did the relative own a motor vehicle(s) at the time of the collision that is the subject of this lawsuit

(b)    If so, was there a policy of insurance, containing liability coverage, insuring this/these vehicle(s) at the time of the collision that is the subject of this lawsuit

6.

Is there a punitive damage exclusion in the insurance policy or policies applicable to the subject collision

7.

Has Defendant or anyone acting on his behalf obtained from any witness or person any reports, statements, recordings, or testimony concerning the facts of this cause of action   If so, as to each such person, please state the following:

a)    Name and address of the witness or person referred to;

b)    Date of taking or making of same;

c)    The name and address of the person taking the same; and

d)    The name and address of the person or persons presently in possession of same.

3

8.

Are you or any of your agents currently in possession of maps, plans, drawings, or photographs relating to the collision complained of whether they were in existence prior to or made subsequent to the happening complained of, showing the location or surrounding area of the site of the collision   If so, please describe same and give the name and address of each and every person having custody of the thing described or a copy thereof.

9.

Do you contend that Plaintiff contributed in any manner concerning the cause of the collision involved in this action

 If your answer is "yes," please state with particularity each and every act or omission of Plaintiffs which you contend constituted a contributing cause on the part of Plaintiffs and give a detailed statement of the facts which you contend support each allegation of negligence.  *See* <u>Carver v. Tift County Hospital Authority</u>, 268 Ga. App. 153 (2004); <u>Exum v. Melton</u>, 244 Ga. App. 775 (2000).

10.

Please state whether or not you received a ticket, citation or any summons of a criminal nature whatsoever as a result of the incident complained of by Plaintiffs in this case.  If so, please state the nature and disposition of the same and the Court involved.  Further, state to what, if any, charges you pled guilty.

11.

Please give the names and addresses of any expert witness you may call in this action and as to each such expert witness, please state:

a)      The subject matter on which the expert is expected to testify;

b)      The substance of facts and opinions to which the expert is expected to testify;

c)      A summary of the grounds for each opinion of such expert; and

d)      Whether they have supplied you with a written opinion.

12.

Does the Defendant claim that the actions of any other person, firm, corporation, association, or other entity other than the Plaintiffs and Defendant caused or contributed to this action or has a real or potential interest in this lawsuit in any way   If your answer is "yes," please explain.

13.

Were you injured in the collision complained of in this action    If so, please state the nature and extent of the injuries sustained and the name and address of any medical personnel and institutions treating you.

14.

Have you ever had a license to operate a motor vehicle suspended or revoked If so, list separately:

a)      When and where it was suspended or revoked;

b)      The period of suspension or revocation; and

c)      The reason for such suspension or revocation.

15.

In the five (5) years preceding this collision or the years subsequent to this collision, have you been involved in any collision involving motor vehicles    If so,

please give a brief description of said collision and state the date, time, and location of the collision and the names and addresses of the parties involved.

16.

Have you ever been a party to any lawsuit whether civil or criminal other than the present one   If so, please identify each action by stating when, where, the nature of the action, the disposition of the case, and the name of the attorney who represented you.

17.

Please state whether you have ever been convicted of a crime.  If so, please state the nature of said conviction and the date and place thereof.

18.

After the subject collision, did anyone make any statement concerning the event   If so, please state:

a)      By whom each statement was made;

b)      To whom each statement was made; and

c)      The content of the statement.

19.

At the time of the collision did you own a pair of eyeglasses or other corrective lenses   If so, were you wearing them at the time   If you were not, explain why not.

20.

Has anyone on your behalf made an inspection or appraisal of the Plaintiff's vehicle   If so, please state all facts pertaining to same and attach any relevant estimates, appraisals or other relevant documents.

21.

Have you ever had any medical or any other impairment with respect to your eyesight, hearing, emotional stability for any drinking problems, drug problems, or differences prior to or subsequent to this lawsuit   Please list the name and address, phone numbers of all persons who have treated you for such problems.

22.

If you had consumed any alcoholic beverages within the forty-eight (48) hours preceding the collision, please state the following:

a)      The location(s);

b)      An exact description of the amount and type of alcohol;

c)      The exact date(s) and time(s) consumption took place; and

d)      Any witnesses to any consumption within this said forty-eight (48) hours.

23.

State specifically the name and address of your current employer and any additional employers for whom you have worked in the past five (5) years, giving as to each, the dates of employment, the nature of your work, reason for leaving, and the average rate of pay received on a weekly, monthly, and yearly basis.

24.

With reference to the trip you were taking at the time of the incident which is the subject of this lawsuit, please state:

a)      Where the trip began;

b)      The location of any stops made prior to the collision;

c)      The reason for that trip.

25.

Please state if, at the time of the incident, you were performing any duty or task for your employer or under anyone s supervision at the time of the incident that is the subject of the lawsuit.  If you were in the scope of your employment at the time of the incident, please describe in detail the duties and responsibilities you had with reference to your employment at that time.

26.

With respect to the vehicle you drove at the time of the incident in this lawsuit, please state;

a)      The name and address of the owner of said vehicle;

b)      The make and model of said vehicle;

c)      The current owner and location of said vehicle;

d)      Whether you were driving said vehicle at the time of the collision;

e)      If you rented the vehicle, did you purchase any insurance

f)      Was the vehicle damaged in the collision   If so, was it totaled or repaired   Also please provide the totaled value or total amount of repairs

27.

Please state whether you have any additional liability insurance policies that would provide you with additional coverage for the damages that are the subject of the lawsuit.  If so, please state the name and address of the insurance company, the policy number and the liability limits of this insurance policy or policies.

28.

Please state with reasonable particularity each and every traffic violation, misdemeanor, and felony with which you have been charged/given a citation within the last ten (10) years.  For each please state the following:

    a)      The exact charge/citation;

    b)      The date of arrest/ticket;

    c)      If a guilty plea was entered and/or the disposition of the charge/citation;

    d)      The date of disposition of the charge/citation; and

    e)      The Court of disposition.

29.

With respect to <u>all</u> previous DUI convictions, please provide the County in which the disposition of the case took place, the plea that you entered, the sentence that was rendered, and the exact test results from any and all blood/breath tests that were administered to you at the time of your arrest.

30.

If you allege any defense to this action based on jurisdiction, venue, or service of process, as to each such defense, please state:

    a)      All facts upon which you rely in asserting such defense;

    b)      The names and addresses of all persons having knowledge of the facts stated in (a) above;

    c)      A complete description of all documents in your possession which support the assertions of the said defense;

    d)      The names and addresses of all persons having custody and/or control of the documents described in (c) above; and

e)      Please provide the full and complete permanent residence and business address of the Defendant.

## RE  UEST FOR PRODUCTION OF DOCUMENTS

Pursuant to O.C.G.A. §9-11-34, you are requested to produce the following documents as required by law.  The documents requested shall be produced within forty-five (45) days after service of this request at the offices of The Law Office of Rickard, Drew    Nix, Suite 2420, International Tower, 229 Peachtree Street, N.E., Atlanta, Georgia 30303, or you may comply with this request by mailing copies of the requested documents to Clyde E. Rickard at the aforementioned address.   If you contend that any of the requested documents are privileged from discovery, please state how you contend that they are privileged.  The requested documents are all documents referred to or necessary to support the answers to Interrogatories numbered 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 19, 20, 22, 23, 24, 25, 26, 27, 28, 29 and 30.  You are also requested to produce to Plaintiffs any documents received through third party requests or subpoenas in a timely manner (Plaintiffs will pay the cost of copies if requested).

**THE LAW OFFICE OF RICKARD, DREW & NIX**

By:      /s/ *Clyde Rickard*_____
         **CLYDE E. RICKARD**
         State Bar No.  604625
         **JESSICA C. NIX**
         State Bar No. 940625
         **CHRISTOPHER SANDBACH**
         State Bar No. 271112
         Attorneys for Plaintiff

229 Peachtree Street, N.E.
Suite 2420
Atlanta, Georgia 30303
(404) 588-1001

## PLAINTIFF AFFIDAVIT OF COMPLIANCE
## FOR SERVICE OF PROCESS UPON NON-RESIDENT MOTORISTS

I, Jessica C. Nix, the undersigned, am the attorney who represents the Plaintiff in the case of:

*Sandy Cohen v. Leland Wolfe, Ryan Logistics, Inc., Blitz Transportation, Inc., and Auto-Owners Insurance Company*
**State Court of Chattooga County**
**CAFN: 22SCA3905**

I do hereby certify that, in accordance with O.C.G.A. 40-12-2, I have forwarded notice of the above case and notice of service upon the Georgia Secretary of State along with a copy of the complaint and process to the Defendants at the following addresses:

> Leland Wolfe
> 880 Black Road
> Hopewell, OH 43746

I further certify that, **I SHALL FILE WITH THE APPROPRIATE COURT** appended to the documents this case including the Summons and Process: (1) any return receipt received as evidence of service upon the defendant by the plaintiff and (2) a copy of this plaintiff's affidavit of compliance.

This ___8___ day of ___July___, 20_22_

NAME: _____
ADDRESS:   229 Peachtree Street
                        Suite 2420 – International Tower
                        Atlanta, Georgia 30303

Sworn to me and subscribed
before me this ___8___ day
of ___July___, 20_22_

_____
NOTARY PUBLIC

DAMIEN POTTAGE
NOTARY
MY COMM.
EXPIRES
JULY 9, 2023
PUBLIC
DEKALB COUNTY, GA

IN THE STATE COURT OF CHATTOOGA COUNTY

STATE OF GEORGIA

| | |
|---|---|
| SANDY COHEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )          CIVIL ACTION |
| | ) |
| | )          FILE NO. 22SCA3905 |
| LELAND WOLFE, | ) |
| RYAN LOGISTICS, INC., BLITZ | ) |
| TRANSPORTATION, INC. | ) |
| AUTO-OWNERS INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## NOTICE OF SERVICE THROUGH
## SECRETARY OF STATE

To:     Leland Wolfe
        880 Black Road
        Hopewell, OH 43746

Service of process will be perfected upon you in the above styled case by serving a copy of the Statement of Claim/Summons and Notice of Service through the Secretary of State of the State of Georgia along with a ten ($10.00) fee. This type of service is proper on a non-resident Defendant who has caused injury with an automobile on Georgia highways. As required by Georgia Law O.C.G.A. § 40-12-2, I have mailed you a copy of the Statement of Claim/Summons and Notice of Service by certified mail at the above address.

This Complaint must be answered within thirty (30) days from the date of service of a copy of the Complaint, Summons, Interrogatories, and Requests for Production of Documents to you.

Respectfully submitted this 7th day of July, 2022.


                                    **THE LAW OFFICE OF RICKARD, DREW & NIX**

                            By:     /s/ *Clyde Rickard*
                                    **CLYDE E. RICKARD**
                                    State Bar No.  604625
                                    **JESSICA C. NIX**
                                    State Bar No. 940625
                                    **CHRISTOPHER SANDBACH**

State Bar No. 271112
Attorneys for Plaintiff

229 Peachtree Street, N.E.
Suite 2420
Atlanta, Georgia  30303
(404) 588-1001

**General Civil and Domestic Relations Case Filing Information Form**

EFILED IN OFFICE
CLERK OF STATE COURT
CHATTOOGA COUNTY, GEORGIA

**22SCA3905**

JUN 22, 2022 01:58 PM

☐ Superior or ☑ State Court of ___Chattooga___ County

Kim Wardle James, Clerk
Chattooga County, Georgia

| **For Clerk Use Only** | |
|---|---|
| **Date Filed** 06-22-2022 | **Case Number** 22SCA3905 |
| MM-DD-YYYY | |

**Plaintiff(s)**

COHEN, SANDY

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

WOLFE, LELAND

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

RYAN LOGISTICS, INC.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

BLITZ TRANSPORTATION, INC.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

AUTO-OWNERS INSURANCE COMPANY

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** Nix, Jessica   **Bar Number** 940625   **Self-Represented** ☐

### Check one case type and, if applicable, one sub-type in one box.

**General Civil Cases**

- ☑ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
**Case Number**   **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

## STATE COURT OF CHATTOOGA COUNTY
## STATE OF GEORGIA

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
CHATTOOGA COUNTY, GEORGIA

**22SCA3905**

**JUN 22, 2022 01:58 PM**

*Kim Windle James*
Kim Windle James, Clerk
Chattooga County, Georgia

CIVIL ACTION NUMBER  22SCA3905

COHEN, SANDY

_____
**PLAINTIFF**

**VS.**

WOLFE, LELAND
RYAN LOGISTICS, INC.
BLITZ TRANSPORTATION, INC.
AUTO-OWNERS INSURANCE COMPANY

_____
**DEFENDANTS**

**SUMMONS**

TO: BLITZ TRANSPORTATION, INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Jessica Nix**
> **The Law Office of Rickard, Drew & Nix**
> **229 Peachtree Street NE**
> **International Tower, Suite 2420**
> **Atlanta, Georgia 30303**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 22nd day of June, 2022.**

Clerk of State Court

*Kim Windle James*
_____
Kim Windle James, Clerk
Chattooga County, Georgia

# STATE COURT OF CHATTOOGA COUNTY
# STATE OF GEORGIA

**EFILED IN OFFICE**
CLERK OF STATE COURT
CHATTOOGA COUNTY, GEORGIA

**22SCA3905**

**JUN 22, 2022 01:58 PM**

*Kim Windle James*
Kim Windle James, Clerk
Chattooga County, Georgia

CIVIL ACTION NUMBER  22SCA3905

COHEN, SANDY

_____

**PLAINTIFF**

                                        **VS.**

WOLFE, LELAND
RYAN LOGISTICS, INC.
BLITZ TRANSPORTATION, INC.
AUTO-OWNERS INSURANCE COMPANY

_____

**DEFENDANTS**

**SUMMONS**

TO: AUTO-OWNERS INSURANCE COMPANY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Jessica Nix**
> **The Law Office of Rickard, Drew & Nix**
> **229 Peachtree Street NE**
> **International Tower, Suite 2420**
> **Atlanta, Georgia 30303**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 22nd day of June, 2022.**

                                        Clerk of State Court


*Kim Windle James*
_____
              Kim Windle James, Clerk
              Chattooga County, Georgia

Page 1 of 1

# STATE COURT OF CHATTOOGA COUNTY
# STATE OF GEORGIA

✦ **EFILED IN OFFICE**
CLERK OF STATE COURT
CHATTOOGA COUNTY, GEORGIA

**22SCA3905**

**JUN 22, 2022 01:58 PM**

*Kim Windle James*
Kim Windle James, Clerk
Chattooga County, Georgia

CIVIL ACTION NUMBER  22SCA3905

COHEN, SANDY

_____

**PLAINTIFF**

**VS.**

WOLFE, LELAND
RYAN LOGISTICS, INC.
BLITZ TRANSPORTATION, INC.
AUTO-OWNERS INSURANCE COMPANY

_____

**DEFENDANTS**

## SUMMONS

TO: RYAN LOGISTICS, INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Jessica Nix**
> **The Law Office of Rickard, Drew & Nix**
> **229 Peachtree Street NE**
> **International Tower, Suite 2420**
> **Atlanta, Georgia 30303**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 22nd day of June, 2022.**

Clerk of State Court

*Kim Windle James*

_____

Kim Windle James, Clerk
Chattooga County, Georgia

# STATE COURT OF CHATTOOGA COUNTY
# STATE OF GEORGIA

**EFILED IN OFFICE**
CLERK OF STATE COURT
CHATTOOGA COUNTY, GEORGIA

**22SCA3905**

**JUN 22, 2022 01:58 PM**

Kim Windle James, Clerk
Chattooga County, Georgia

CIVIL ACTION NUMBER  22SCA3905

COHEN, SANDY

_____

**PLAINTIFF**

**VS.**

WOLFE, LELAND
RYAN LOGISTICS, INC.
BLITZ TRANSPORTATION, INC.
AUTO-OWNERS INSURANCE COMPANY

_____

**DEFENDANTS**

## SUMMONS

TO: WOLFE, LELAND

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Jessica Nix**
> **The Law Office of Rickard, Drew & Nix**
> **229 Peachtree Street NE**
> **International Tower, Suite 2420**
> **Atlanta, Georgia 30303**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 22nd day of June, 2022.**

Clerk of State Court

_____

Kim Windle James, Clerk
Chattooga County, Georgia

Page 1 of 1

⚜ **EFILED IN OFFICE**
CLERK OF STATE COURT
CHATTOOGA COUNTY, GEORGIA

**22SCA3905**

**JUN 22, 2022 01:58 PM**

*Kim Wintle James*
Kim Wintle James, Clerk
Chattooga County, Georgia

IN THE STATE COURT OF CHATTOOGA COUNTY

STATE OF GEORGIA

SANDY COHEN,                                    )
                                                )
              Plaintiff,                        )
                                                )
v.                                              )         CIVIL ACTION
                                                )
                                                )         FILE NO. _____
LELAND WOLFE,                                   )
RYAN LOGISTICS, INC., BLITZ                      )
TRANSPORTATION, INC.                            )
AUTO-OWNERS INSURANCE                           )
COMPANY,                                        )
                                                )
              Defendants.                       )
_____)

**PLAINTIFF S FIRST INTERROGATORIES AND RE  UEST FOR PRODUCTION OF
DOCUMENTS TO DEFENDANT AUTO OWNERS INSURANCE COMPANY**

**COMES NOW** the Plaintiff and for purposes of discovery and all purposes authori ed

by law, require the Defendant, Auto-Owners Insurance Company., to answer under oath

the following Interrogatories within forty-five (45) days from the date of service hereof, as

provided by law, and to serve a copy of said Answers on Plaintiff c/o The Law Office of

Rickard, Drew     Ni , Suite 2420, International Tower, 229 Peachtree Street, N.E.,

Atlanta, Georgia, 30303.

NOTE A:      When used in these Interrogatories and Request to Produce, the word

"you," or any synonym thereof, is intended to and shall embrace and include in addition

to the defendant Ryan Logistics, Inc./Blit  Transportation, Inc. named above, said

Defendant s attorneys, agents, servants, employees, representatives, investigators, and all

others who may have obtained information for or on behalf of said Defendant and over

which information Defendant has control and access.

- 1 -

NOTE B:       These Interrogatories are to be regarded as continuing in nature and Defendant is requested to seasonably supplement its responses with respect to any question directly addressed to (a) the identity and location of persons having knowledge of discoverable matters, and (b) the identity of each person e pected to be called as an e pert witness at trial, the subject matter of which he is e pected to be called as an e pert witness at trial, the subject matter of which he is e pected to testify and the substance of his testimony.   The Defendant is further requested to seasonably amend its responses if it obtains information upon the basis of which (a) it knows that the response was incorrect when made, or (b) it knows that the response is no longer true.

You are requested not to respond to any interrogatory by referring to the responses to other interrogatories or by adoption since each and every interrogatory is subject to being introduced into evidence, and therefore should for this purpose, complete in themselves.

In the event that any information, documents, or things requested herein are withheld under a claim of privilege, you are requested to provide the following information with respect to each:

(1)    The type of information, document, or thing, its general subject matter, the place, and the appropriate date it was gathered, learned, and created

(2)    The name, address, phone number, and title of each person who prepared, created, learned and gathered the information, document or thing and the name, address, phone number, and title of each person who has received and e amined the information, document, or thing or copy thereof  and

(3)    A statement of the circumstances which bear on whether or not the claim of privilege is appropriate and whether the privilege that is claimed should e tend to all or just part of the information, document, or thing.

- 2 -

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

(1)     DOCUMENT  means each and every writing or record of every type and description that is or has been in your possession, custody or control, or of which you have knowledge, including but by no means limited to, correspondence, memoranda, tapes, notes, publications, books, pamphlets, films, drawings, maps, reports, surveys, minutes of meetings, voice recordings, and/or their transcriptions or calculations.

(2)     PERSON   means   any   natural   person,   corporation,   partnership, proprietorship, organi ation, association, or collective group of persons.

(3)     COLLISION  and  OCCURRENCE  refer to the instant incident which forms the basis of Plaintiff s Complaint.

(4)     IDENTIFY  with respect to any and all  PERSONS(S)  or any reference to stating the  IDENTITY  of any  PERSON(S)  means supply the name, residence address, work address, residence telephone number, work telephone number, business name, employer of each and every such person, and a detailed description of each such persons connection with the instant incident.

(5)     IDENTIFY  with respect to any  DOCUMENT(S)  or any reference to stating the  IDENTIFICATION  of any  DOCUMENT(S)  means to provide a detailed and specific description of said  DOCUMENT(S),  providing the title and date of such document, the name, address, and telephone number of the person(s) responsible for the preparation of said document, the name , address, and telephone number for the person(s) who have custody and/or

- 3 -

control of such document(s), or duplicates or copies thereof.

1.

Please state your legal corporate name, full legal address, full business name, and the address of your principal place of business.

2.

If Leland Wolfe or Ryan Logistics, Inc./Blit Transportation, Inc., Inc. are protected by liability insurance or any other insuring agreements or self insured provisions for any damages that they may be required to pay Plaintiff as a result of this action, please state the name and address of such insurance company or companies or self insuring entities, the limits of liability for such agreements or policy or policies, and the named insured in said policy or policies.  For any self insuring agreements, please describe the key terms of this agreement, and what additional protection is afforded to each Defendant listed herein pursuant to said agreement.

3.

Were any tests, inspections or measurements made or taken with respect to the accident scene or any object involved   If so, state the subject of each test, inspection or measurement  the purpose of each such test, inspection or measurement, the name and address of the person who conducted each test, inspection or measurement  the date on which each test, inspection or measurement was performed  the findings and results of each test, inspection or measurement  and the name and address of the person now having custody of any written report concerning each test, inspection or measurement.

4.

Was any investigation conducted concerning the accident in question or any party or witness thereto, including surveillance of the Plaintiff   If so, state the name, address

- 4 -

and occupation of the person who conducted each investigation  the name and address of the person who requested each investigation to be made  the date on which each investigation was conducted  the place where each investigation was performed  and the name and address of the person now having custody of each written report made concerning each investigation.

5.

Please identify each person, firm, or entity that you contend caused or contributed to the collision which forms the subject of the present action, and state the facts upon which you base your contention.

6.

State whether you or anyone acting on your behalf obtained statements in any form from any person with knowledge of the incident complained of in the Complaint. If any statement in any form was obtained, state the name and address of the person by whom and to whom such statement was made  the date the statement was made  the form of the statement  and the names and addresses of all persons presently having custody of the statement.

7.

Please state whether you or persons subject to your control have any photographs, videotapes, or movies pertaining to the collision forming the subject matter of this litigation, the scene of the collision, or of the Plaintiff. If the answer is in the affirmative, please state the number of such photographs, videotapes, or movies and the subject of each  the date each was taken  then name and address of the individual who took same and the custodian of each photograph, videotape, or movie.

## RE UEST FOR PRODUCTION OF DOCUMENTS

Pursuant to O.C.G.A. §9-11-34, you are requested to produce the following documents as required by law.  The documents requested shall be produced within forty-five (45) days after service of this request at the offices of The Law Office of Rickard, Drew Ni , Suite 2420, International Tower, 229 Peachtree Street, N.E., Atlanta, Georgia 30303, or you may comply with this request by mailing copies of the requested documents to Clyde E. Rickard at the aforementioned address.  If you contend that any of the requested documents are privileged from discovery, please state how you contend that they are privileged.  The requested documents are:

1.

All documents referred to or necessary to support the answers to Interrogatories numbered 2-7.

2.

You are requested to produce to Plaintiff any documents received through third party requests or subpoenas in a timely manner (Plaintiff will pay the cost of copies if requested).

3.

Please produce any property damage estimates or photographs in your possession or those taken on your behalf.

THE LAW OFFICE OF RICKARD, DREW & NIX

By:      /s/ *Clyde Rickard*_____
**CLYDE E. RICKARD**
State Bar No.  604625
**JESSICA C. NIX**
State Bar No. 940625

- 6 -

**CHRISTOPHER SANDBACH**
State Bar No. 271112
Attorneys for Plaintiff

229 Peachtree Street, N.E.
Suite 2420
Atlanta, Georgia 30303
(404) 588-1001

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
CHATTOOGA COUNTY, GEORGIA

**22SCA3905**

**JUN 22, 2022 01:58 PM**

*Kim Wendle James*
Kim Wendle James, Clerk
Chattooga County, Georgia

IN THE STATE COURT OF CHATTOOGA COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| SANDY COHEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | |
| | ) | FILE NO. _____ |
| LELAND WOLFE, | ) | |
| BLITZ TRANSPORTATION, INC., BLITZ | ) | |
| TRANSPORTATION, INC. | ) | |
| AUTO-OWNERS INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF S FIRST INTERROGATORIES AND RE UEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT BLIT  TRANSPORTATION, INC,

**COMES NOW** the Plaintiff and for purposes of discovery and all purposes

authori ed by law, require the Defendant, BLITZ TRANSPORTATION, INC., to answer

under oath the following Interrogatories within forty-five (45) days from the date of

service hereof, as provided by law, and to serve a copy of said Answers on Plaintiff c/o

The Law Office of Rickard, Drew     Ni , Suite 2420, International Tower, 229 Peachtree

Street, N.E., Atlanta, Georgia, 30303.

NOTE A:     When used in these Interrogatories and Request to Produce, the word

"you," or any synonym thereof, is intended to and shall embrace and include in addition

to the defendant Blit  Transportation, Inc. named above, said Defendant s attorneys,

agents, servants, employees, representatives, investigators, and all others who may have

obtained information for or on behalf of said Defendant and over which information

Defendant has control and access.

- 1 -

NOTE B:      These Interrogatories are to be regarded as continuing in nature and Defendant is requested to seasonably supplement its responses with respect to any question directly addressed to (a) the identity and location of persons having knowledge of discoverable matters, and (b) the identity of each person e pected to be called as an e pert witness at trial, the subject matter of which he is e pected to be called as an e pert witness at trial, the subject matter of which he is e pected to testify and the substance of his testimony.  The Defendant is further requested to seasonably amend its responses if it obtains information upon the basis of which (a) it knows that the response was incorrect when made, or (b) it knows that the response is no longer true.

You are requested not to respond to any interrogatory by referring to the responses to other interrogatories or by adoption since each and every interrogatory is subject to being introduced into evidence, and therefore should for this purpose, complete in themselves.

In the event that any information, documents, or things requested herein are withheld under a claim of privilege, you are requested to provide the following information with respect to each:

(1)    The type of information, document, or thing, its general subject matter, the place, and the appropriate date it was gathered, learned, and created

(2)    The name, address, phone number, and title of each person who prepared, created, learned and gathered the information, document or thing and the name, address, phone number, and title of each person who has received and e amined the information, document, or thing or copy thereof  and

(3)    A statement of the circumstances which bear on whether or not the claim of privilege is appropriate and whether the privilege that is claimed should e tend to all or just part of the information, document, or thing.

- 2 -

**DEFINITIONS**

As used herein, the terms listed below are defined as follows:

(1)     DOCUMENT  means each and every writing or record of every type and description that is or has been in your possession, custody or control, or of which you have knowledge, including but by no means limited to, correspondence, memoranda, tapes, notes, publications, books, pamphlets, films, drawings, maps, reports, surveys, minutes of meetings, voice recordings, and/or their transcriptions or calculations.

(2)     PERSON   means  any  natural  person,  corporation,  partnership, proprietorship, organi ation, association, or collective group of persons.

(3)     COLLISION  and  OCCURRENCE  refer to the instant incident which forms the basis of Plaintiff s Complaint.

(4)     IDENTIFY  with respect to any and all  PERSONS(S)  or any reference to stating the  IDENTITY  of any  PERSON(S)  means supply the name, residence address, work address, residence telephone number, work telephone number, business name, employer of each and every such person, and a detailed description of each such persons connection with the instant incident.

(5)     IDENTIFY  with respect to any  DOCUMENT(S)  or any reference to stating the  IDENTIFICATION  of any  DOCUMENT(S)  means to provide a detailed and specific description of said  DOCUMENT(S),  providing the title and date of such document, the name, address, and telephone number of the person(s) responsible for the preparation of said document, the name , address, and telephone number for the  person(s) who have custody and/or control of such document(s), or

- 3 -

duplicates or copies thereof.

1.

Please state your legal corporate name, full legal address, full business name, and the address of your principal place of business.

2.

If Leland Wolfe or Blit  Transportation, Inc. are protected by liability insurance or any other insuring agreements or self insured provisions for any damages that they may be required to pay Plaintiff as a result of this action, please state the name and address of such insurance company or companies or self insuring entities, the limits of liability for such agreements or policy or policies, and the named insured in said policy or policies.  For any self insuring agreements, please describe the key terms of this agreement, and what additional protection is afforded to each Defendant listed herein pursuant to said agreement.

3.

State your policy with respect to having drivers report their accidents and e  plain what they are supposed to do to help persons who have been injured, protecting the equipment, making statements to the police, making statements to other persons involved in the accident, making statements to bystanders, and all other required actions.

4.

Please state the name, last known address, and your means of ascertaining the present whereabouts, home phone number, office phone number, and address of employment for each and every person who may have or claims to have knowledge of the collision, its cause, or any events leading up to it, or of related events occurring thereafter, and the damages resulting from the collision.

- 4 -

5.

Were any tests, inspections or measurements made or taken with respect to the accident scene or any object involved  If so, state the subject of each test, inspection or measurement  the purpose of each such test, inspection or measurement, the name and address of the person who conducted each test, inspection or measurement  the date on which each test, inspection or measurement was performed  the findings and results of each test, inspection or measurement  and the name and address of the person now having custody of any written report concerning each test, inspection or measurement.

6.

Was any investigation conducted concerning the accident in question or any party or witness thereto, including surveillance of the Plaintiff  If so, state the name, address and occupation of the person who conducted each investigation  the name and address of the person who requested each investigation to be made  the date on which each investigation was conducted  the place where each investigation was performed  and the name and address of the person now having custody of each written report made concerning each investigation.

7.

With respect to the tractor being driven by Leland Wolfe on June 30, 2020, please provide who owned the tractor at the time of the collision  the date the tractor was acquired by that owner  whether acquired new or used and from whom was it acquired  to whom, if anyone, the tractor was leased at the time of the collision  your identification number or designation for the tractor  its make, model and year of manufacture and the gross weight of the tractor.

- 5 -

8.

With respect to each trailer pulled by the above-tractor on June 30, 2020, state who owned the trailer at the time of the collision  to whom, if anyone, the trailer was leased to at the time of the collision  your identification number or designation  the type, make, model, and year of manufacture  the si e of the bo  or container  the gross weight of the trailer when loaded  and the weight of the trailer as loaded at the time of the collision.

9.

As to the driver of the tractor trailer being operated at the time of the collision, please state the driver s complete name, present home address  social security number  date of birth  driver s license number(s), the name(s) of the state(s) issuing said licenses(s), and describe said driver s mode of compensation with you (whether Leland Wolfe received a salary, was paid by miles traveled, or by percentage of the load he was carrying, etc.).

10.

Please e  plain the nature of the employment relationship between you and Leland Wolfe on the day of the collision (lease operator, company driver, temporary driver, owner-operator, etc.) And include the date your relationship began, date it terminated, and the person from your company involved in any such termination.

11.

Identify who appraised and repaired the truck and what repairs, if any, were performed and the cost and dates of said repairs for damages and defects resulting from the occurrence which is the basis for this lawsuit.

12.

In reference to the load being transported at the time of the occurrence, please identify where the load originated  the contents thereof  the weight of said load  the date and time of departure  date and time of destination  the date, time and place of arrival at each stop made (for fuel, food, rest or inspection) from the time of departure until the time of the collision on June 30, 2020  date and time of departure from each stop listed  amount of compensation to be paid to Leland Wolfe  amount of compensation actually paid to Leland Wolfe  name and address of person and entity who actually paid Leland Wolfe.

13.

Please identify the name, address, and phone number of the custodian of the following documents, records, or writings:

(a)     Leland Wolfe s application for employment, including but not limited to the application required under Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, Part 391.21 or other similar state and federal regulations

(b)     Leland Wolfe s complete personnel, employment and/or contractor s file, including, but not limited to, the results of any test administered to Leland Wolfe pursuant to the Federal Motor Carrier Safety regulations of the U.S. Department of Transportation, Part 391.31, 391.35, 291.41, and 391.43, or similar state and federal regulations pertaining to road tests, written e ams, and medical e ams

(c)     Leland Wolfe s qualification file, including but not limited to the file required under the Federal Motor Carrier Safety Regulations of the U.S. Department

of Transportation, Part 391.51 or other similar state and federal regulations

(d)     Inquiries and responses concerning Leland Wolfe made to various state vehicle agencies issuing his driver s license(s) and inquiries and responses to Leland Wolfe  prior employers, pursuant to the Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, Part 391.23 or other similar state and federal regulations

(e)     Documents and records concerning annual review of Leland Wolfe s driving record and record of Leland Wolfe s driving violations made pursuant to the Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, Parts 391.25 and 391.27 or other similar state and federal regulations  and

(f)     Logs and records, commonly known as  driver s daily logs,  MC-139,  MC-a  or  driver s multi-day logs,  concerning Leland Wolfe for the period commencing one (1) month prior to the collision described in the Complaint up to and including thirty (30) days after the date of the collision described in the Complaint (See Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, Part 395 and other similar state and federal regulations).

14.

Please identify each person, firm, or entity that you contend caused or contributed to the collision which forms the subject of the present action, and state the facts upon which you base your contention.

-  -

15.

State whether you or anyone acting on your behalf obtained statements in any form from any person with knowledge of the incident complained of in the Complaint. If any statement in any form was obtained, state the name and address of the person by whom and to whom such statement was made  the date the statement was made  the form of the statement  and the names and addresses of all persons presently having custody of the statement.

16.

Please state whether you or persons subject to your control have any photographs, videotapes, or movies pertaining to the collision forming the subject matter of this litigation, the scene of the collision, or of the Plaintiff. If the answer is in the affirmative, please state the number of such photographs, videotapes, or movies and the subject of each  the date each was taken  then name and address of the individual who took same and the custodian of each photograph, videotape, or movie.

17.

Please state whether the tractor-trailer involved in the collision contained or utili ed an on-board recording device, an on-board computer, tachograph, trip monitor, trip recorder, trip master, or device known by any other name which records the information concerning the operation of the truck. If so, please state the name and address of the person having custody of the graphs, printouts, or other documentary evidence produced by said machine(s) concerning the trip.

18.

Were any tests (blood, urine) performed on Leland Wolfe by you or performed at your request during the period commencing 45 days prior to the collision through and

-  -

including 45 days after the collision  If so, please state the name, address and phone numbers of the persons, firms, or entities who administered said test and all such persons, firms, or entities who are in possession of a copy of the results of said tests.

19.

At the time of the collision, did you have any policy or procedural manuals pertaining to the operation of a tractor-trailer  If so, please state in list form the written materials that were given each driver hired by Blit  Transportation, Inc.  at the time that Leland Wolfe was hired, and at any time through and until June 30, 2020, and state in list form each and every written document that Blit  Transportation, Inc.  required drivers to read that were hired at the time that Leland Wolfe was hired and who were hired at any time after that date through and until June 30, 2020.

20.

As of June 30, 2020, did Blit  Transportation, Inc.  have a written maintenance schedule for his tractors and trailers  If so, state what the written maintenance schedule called for specifically and how often each item was to be inspected and/or replaced.

21.

As of June 30, 2020, did Blit  Transportation, Inc.  have any mechanic in its employ that, as part of his job, had the responsibility to inspect Blit  Transportation, Inc. s tractors and/or trailers   If so, state their name and last known address  the date they last inspected the tractor driven by Leland Wolfe on June 30, 2020  and the date they last inspected the trailer driven by Leland Wolfe on June 30, 2020.

22.

Does Blit  Transportation, Inc.  have an accident review board and/or internal organi ation/group that reviews collisions or alleged collisions concerning its drivers  If

so, please identify the members of the board, indicate whether it investigated the subject collision and whether it came to any conclusions regarding the chargeability of the collision occurring June 30, 2020.

23.

At the time of the collision, did Blit  Transportation, Inc.  have any policies and/or procedural manuals pertaining to the chargeability of accidents or any policies and/or procedural manuals pertaining to disciplinary procedures (*i e  di ci  li ary    ideli e e c.*)  If so, please state in list form the written materials that were given each driver hired by Blit  Transportation, Inc., at the time  that Leland Wolfe was hired by Blit Transportation, Inc., and at any time through June 30, 2020.

24.

Please e plain the nature of the business relationship between you and Ryan Logistics, Inc.  on the day of the collision (lease operator, company driver, temporary driver, owner-operator, etc.) And include the date your relationship began, date it terminated, and the person from your company involved in any such termination.

**RE  UEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to O.C.G.A. §9-11-34, you are requested to produce the following documents as required by law.  The documents requested shall be produced within forty-five (45) days after service of this request at the offices of The Law Office of Rickard, Drew   Ni , Suite 2420, International Tower, 229 Peachtree Street, N.E., Atlanta, Georgia 30303, or you may comply with this request by mailing copies of the requested documents to Clyde E. Rickard at the aforementioned address.  If you contend that any of the requested documents are privileged from discovery, please state how you contend that they are privileged.

- 11 -

The requested documents are:

1.

All documents referred to or necessary to support the answers to Interrogatories numbered 3, 5, 6, 7, 8, 11, 12, 13, 15, 16, 17, 18, 19, 20, 22 and 23.

2.

You are requested to produce to Plaintiff any documents received through third party requests or subpoenas in a timely manner (Plaintiff will pay the cost of copies if requested).

3.

Please produce Defendant Wolfe s entire employment file including but not limited to application, driving or other tests given, background check, interview documents, reprimands or discipline reports.

4.

Please produce any written training or operations materials/manuals given to Defendant Wolfe or other driver/employees of Blit  Transportation, Inc.

5.

Please produce any property damage estimates in your possession or those taken on your behalf.

6

Please produce any investigation files and/or warning notice regarding the June 30, 2020 wreck and Leland Wolfe.

7.

Please produce any Auto Accident Report completed in reference to the motor vehicle collision on June 30, 2020.

8.

Please produce any contracts or other documents relating to the business relationships between all Defendants.

9.

Please produce any Auto Accident Prevention Report completed in reference to the motor vehicle collision on June 30, 2020.

**THE LAW OFFICE OF RICKARD, DREW & NIX**

By:      /s/ *Clyde Rickard*
         **CLYDE E. RICKARD**
         State Bar No.  604625
         **JESSICA C. NIX**
         State Bar No. 940625
         **CHRISTOPHER SANDBACH**
         State Bar No. 271112
         Attorneys for Plaintiff

229 Peachtree Street, N.E.
Suite 2420
Atlanta, Georgia 30303
(404) 588-1001

- 13 -

⚖ **EFILED IN OFFICE**
CLERK OF STATE COURT
CHATTOOGA COUNTY, GEORGIA

**22SCA3905**

**JUN 22, 2022 01:58 PM**

*Kim Wright James*
Kim Wright James, Clerk
Chattooga County, Georgia

IN THE STATE COURT OF CHATTOOGA COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| SANDY COHEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | |
| | ) | FILE NO. _____ |
| LELAND WOLFE, | ) | |
| RYAN LOGISTICS, INC., BLITZ | ) | |
| TRANSPORTATION, INC. | ) | |
| AUTO-OWNERS INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF S FIRST INTERROGATORIES AND RE  UEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT RYAN LOGISTICS, INC,

**COMES NOW** the Plaintiff and for purposes of discovery and all purposes

authori ed by law, require the Defendant, RYAN LOGISTICS, INC., to answer under

oath the following Interrogatories within forty-five (45) days from the date of service

hereof, as provided by law, and to serve a copy of said Answers on Plaintiff c/o The

Law Office of Rickard, Drew    Ni , Suite 2420, International Tower, 229 Peachtree

Street, N.E., Atlanta, Georgia, 30303.

NOTE A:     When used in these Interrogatories and Request to Produce, the word

"you," or any synonym thereof, is intended to and shall embrace and include in addition

to the defendant Ryan Logistics, Inc. named above, said Defendant s attorneys, agents,

servants, employees, representatives, investigators, and all others who may have obtained

information for or on behalf of said Defendant and over which information Defendant has

control and access.

- 1 -

NOTE B:      These Interrogatories are to be regarded as continuing in nature and Defendant is requested to seasonably supplement its responses with respect to any question directly addressed to (a) the identity and location of persons having knowledge of discoverable matters, and (b) the identity of each person e pected to be called as an e pert witness at trial, the subject matter of which he is e pected to be called as an e pert witness at trial, the subject matter of which he is e pected to testify and the substance of his testimony.  The Defendant is further requested to seasonably amend its responses if it obtains information upon the basis of which (a) it knows that the response was incorrect when made, or (b) it knows that the response is no longer true.

You are requested not to respond to any interrogatory by referring to the responses to other interrogatories or by adoption since each and every interrogatory is subject to being introduced into evidence, and therefore should for this purpose, complete in themselves.

In the event that any information, documents, or things requested herein are withheld under a claim of privilege, you are requested to provide the following information with respect to each:

(1)    The type of information, document, or thing, its general subject matter, the place, and the appropriate date it was gathered, learned, and created

(2)    The name, address, phone number, and title of each person who prepared, created, learned and gathered the information, document or thing and the name, address, phone number, and title of each person who has received and e amined the information, document, or thing or copy thereof  and

(3)    A statement of the circumstances which bear on whether or not the claim of privilege is appropriate and whether the privilege that is claimed should e tend to all or just part of the information, document, or thing.

- 2 -

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

(1)     DOCUMENT  means each and every writing or record of every type and description that is or has been in your possession, custody or control, or of which you have knowledge, including but by no means limited to, correspondence, memoranda, tapes, notes, publications, books, pamphlets, films, drawings, maps, reports, surveys, minutes of meetings, voice recordings, and/or their transcriptions or calculations.

(2)     PERSON    means   any   natural   person,   corporation,   partnership, proprietorship, organi ation, association, or collective group of persons.

(3)     COLLISION  and  OCCURRENCE  refer to the instant incident which forms the basis of Plaintiff s Complaint.

(4)     IDENTIFY  with respect to any and all  PERSONS(S)  or any reference to stating the  IDENTITY  of any  PERSON(S)  means supply the name, residence address, work address, residence telephone number, work telephone number, business name, employer of each and every such person, and a detailed description of each such persons connection with the instant incident.

(5)     IDENTIFY  with respect to any  DOCUMENT(S)  or any reference to stating the  IDENTIFICATION  of any  DOCUMENT(S)  means to provide a detailed and specific description of said  DOCUMENT(S),  providing the title and date of such document, the name, address, and telephone number of the person(s) responsible for the preparation of said document, the name , address, and telephone number for the person(s) who have custody and/or control of such document(s), or

- 3 -

duplicates or copies thereof.

1.

Please state your legal corporate name, full legal address, full business name, and the address of your principal place of business.

2.

If Leland Wolfe or Ryan Logistics, Inc. are protected by liability insurance or any other insuring agreements or self insured provisions for any damages that they may be required to pay Plaintiff as a result of this action, please state the name and address of such insurance company or companies or self insuring entities, the limits of liability for such agreements or policy or policies, and the named insured in said policy or policies.  For any self insuring agreements, please describe the key terms of this agreement, and what additional protection is afforded to each Defendant listed herein pursuant to said agreement.

3.

State your policy with respect to having drivers report their accidents and e plain what they are supposed to do to help persons who have been injured, protecting the equipment, making statements to the police, making statements to other persons involved in the accident, making statements to bystanders, and all other required actions.

4.

Please state the name, last known address, and your means of ascertaining the present whereabouts, home phone number, office phone number, and address of employment for each and every person who may have or claims to have knowledge of the collision, its cause, or any events leading up to it, or of related events occurring thereafter, and the damages resulting from the collision.

- 4 -

5.

Were any tests, inspections or measurements made or taken with respect to the accident scene or any object involved  If so, state the subject of each test, inspection or measurement  the purpose of each such test, inspection or measurement, the name and address of the person who conducted each test, inspection or measurement  the date on which each test, inspection or measurement was performed  the findings and results of each test, inspection or measurement  and the name and address of the person now having custody of any written report concerning each test, inspection or measurement.

6.

Was any investigation conducted concerning the accident in question or any party or witness thereto, including surveillance of the Plaintiff  If so, state the name, address and occupation of the person who conducted each investigation  the name and address of the person who requested each investigation to be made  the date on which each investigation was conducted  the place where each investigation was performed  and the name and address of the person now having custody of each written report made concerning each investigation.

7.

With respect to the tractor being driven by Leland Wolfe on June 30, 2020, please provide who owned the tractor at the time of the collision  the date the tractor was acquired by that owner  whether acquired new or used and from whom was it acquired  to whom, if anyone, the tractor was leased at the time of the collision  your identification number or designation for the tractor  its make, model and year of manufacture and the gross weight of the tractor.

- 5 -

8.

With respect to each trailer pulled by the above-tractor on June 30, 2020, state who owned the trailer at the time of the collision  to whom, if anyone, the trailer was leased to at the time of the collision  your identification number or designation  the type, make, model, and year of manufacture  the si  e of the bo   or container  the gross weight of the trailer when loaded  and the weight of the trailer as loaded at the time of the collision.

9.

As to the driver of the tractor trailer being operated at the time of the collision, please state the driver s complete name, present home address  social security number  date of birth  driver s license number(s), the name(s) of the state(s) issuing said licenses(s), and describe said driver s mode of compensation with you (whether Leland Wolfe received a salary, was paid by miles traveled, or by percentage of the load he was carrying, etc.).

10.

Please e  plain the nature of the employment relationship between you and Leland Wolfe on the day of the collision (lease operator, company driver, temporary driver, owner-operator, etc.) And include the date your relationship began, date it terminated, and the person from your company involved in any such termination.

11.

Identify who appraised and repaired the truck and what repairs, if any, were performed and the cost and dates of said repairs for damages and defects resulting from the occurrence which is the basis for this lawsuit.

- 6 -

12.

In reference to the load being transported at the time of the occurrence, please identify where the load originated  the contents thereof  the weight of said load  the date and time of departure  date and time of destination  the date, time and place of arrival at each stop made (for fuel, food, rest or inspection) from the time of departure until the time of the collision on June 30, 2020  date and time of departure from each stop listed  amount of compensation to be paid to Leland Wolfe  amount of compensation actually paid to Leland Wolfe  name and address of person and entity who actually paid Leland Wolfe.

13.

Please identify the name, address, and phone number of the custodian of the following documents, records, or writings:

    (a)    Leland Wolfe s application for employment, including but not limited to the application required under Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, Part 391.21 or other similar state and federal regulations

    (b)    Leland Wolfe s complete personnel, employment and/or contractor s file, including, but not limited to, the results of any test administered to Leland Wolfe pursuant to the Federal Motor Carrier Safety regulations of the U.S. Department of Transportation, Part 391.31, 391.35, 291.41, and 391.43, or similar state and federal regulations pertaining to road tests, written e  ams, and medical e  ams

    (c)    Leland Wolfe s qualification file, including but not limited to the file required under the Federal Motor Carrier Safety Regulations of the U.S. Department

of Transportation, Part 391.51 or other similar state and federal regulations

(d)     Inquiries and responses concerning Leland Wolfe made to various state vehicle agencies issuing his driver s license(s) and inquiries and responses to Leland Wolfe  prior employers, pursuant to the Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, Part 391.23 or other similar state and federal regulations

(e)     Documents and records concerning annual review of Leland Wolfe s driving record and record of Leland Wolfe s driving violations made pursuant to the Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, Parts 391.25 and 391.27 or other similar state and federal regulations  and

(f)     Logs and records, commonly known as  driver s daily logs,  MC-139,  MC-a  or  driver s multi-day logs,  concerning Leland Wolfe for the period commencing one (1) month prior to the collision described in the Complaint up to and including thirty (30) days after the date of the collision described in the Complaint (See Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, Part 395 and other similar state and federal regulations).

14.

Please identify each person, firm, or entity that you contend caused or contributed to the collision which forms the subject of the present action, and state the facts upon which you base your contention.

-  -

15.

State whether you or anyone acting on your behalf obtained statements in any form from any person with knowledge of the incident complained of in the Complaint. If any statement in any form was obtained, state the name and address of the person by whom and to whom such statement was made  the date the statement was made  the form of the statement  and the names and addresses of all persons presently having custody of the statement.

16.

Please state whether you or persons subject to your control have any photographs, videotapes, or movies pertaining to the collision forming the subject matter of this litigation, the scene of the collision, or of the Plaintiff. If the answer is in the affirmative, please state the number of such photographs, videotapes, or movies and the subject of each  the date each was taken  then name and address of the individual who took same and the custodian of each photograph, videotape, or movie.

17.

Please state whether the tractor-trailer involved in the collision contained or utili ed an on-board recording device, an on-board computer, tachograph, trip monitor, trip recorder, trip master, or device known by any other name which records the information concerning the operation of the truck. If so, please state the name and address of the person having custody of the graphs, printouts, or other documentary evidence produced by said machine(s) concerning the trip.

18.

Were any tests (blood, urine) performed on Leland Wolfe by you or performed at your request during the period commencing 45 days prior to the collision through and

-  -

including 45 days after the collision   If so, please state the name, address and phone numbers of the persons, firms, or entities who administered said test and all such persons, firms, or entities who are in possession of a copy of the results of said tests.

19.

At the time of the collision, did you have any policy or procedural manuals pertaining to the operation of a tractor-trailer   If so, please state in list form the written materials that were given each driver hired by Ryan Logistics, Inc. at the time that Leland Wolfe was hired, and at any time through and until June 30, 2020, and state in list form each and every written document that Ryan Logistics, Inc.  required drivers to read that were hired at the time that Leland Wolfe was hired and who were hired at any time after that date through and until June 30, 2020.

20.

As of June 30, 2020, did Ryan Logistics, Inc.  have a written maintenance schedule for his tractors and trailers   If so, state what the written maintenance schedule called for specifically and how often each item was to be inspected and/or replaced.

21.

As of June 30, 2020, did Ryan Logistics, Inc.  have any mechanic in its employ that, as part of his job, had the responsibility to inspect Ryan Logistics, Inc. s tractors and/or trailers    If so, state their name and last known address  the date they last inspected the tractor driven by Leland Wolfe on June 30, 2020  and the date they last inspected the trailer driven by Leland Wolfe on June 30, 2020.

22.

Does Ryan Logistics, Inc.   have an accident review board and/or internal organi ation/group that reviews collisions or alleged collisions concerning its drivers   If

- 1 -

so, please identify the members of the board, indicate whether it investigated the subject collision and whether it came to any conclusions regarding the chargeability of the collision occurring June 30, 2020.

23.

At the time of the collision, did Ryan Logistics, Inc. have any policies and/or procedural manuals pertaining to the chargeability of accidents or any policies and/or procedural manuals pertaining to disciplinary procedures (*i e  di ci li ary   ideli e e c.*)  If so, please state in list form the written materials that were given each driver hired by Ryan Logistics, Inc., at the time that Leland Wolfe was hired by Ryan Logistics, Inc., and at any time through June 30, 2020.

24.

Please e plain the nature of the business relationship between you and Blit Transportation, Inc.  on the day of the collision (lease operator, company driver, temporary driver, owner-operator, etc.) And include the date your relationship began, date it terminated, and the person from your company involved in any such termination.

**RE UEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to O.C.G.A. §9-11-34, you are requested to produce the following documents as required by law.  The documents requested shall be produced within forty-five (45) days after service of this request at the offices of The Law Office of Rickard, Drew Ni , Suite 2420, International Tower, 229 Peachtree Street, N.E., Atlanta, Georgia 30303, or you may comply with this request by mailing copies of the requested documents to Clyde E. Rickard at the aforementioned address.  If you contend that any of

- 11 -

the requested documents are privileged from discovery, please state how you contend that they are privileged.

The requested documents are:

1.

All documents referred to or necessary to support the answers to Interrogatories numbered 3, 5, 6, 7, 8, 11, 12, 13, 15, 16, 17, 18, 19, 20, 22 and 23.

2.

You are requested to produce to Plaintiff any documents received through third party requests or subpoenas in a timely manner (Plaintiff will pay the cost of copies if requested).

3.

Please produce Defendant Wolfe s entire employment file including but not limited to application, driving or other tests given, background check, interview documents, reprimands or discipline reports.

4.

Please produce any written training or operations materials/manuals given to Defendant Wolfe or other driver/employees of Ryan Logistics, Inc.

5.

Please produce any property damage estimates in your possession or those taken on your behalf.

6

Please produce any investigation files and/or warning notice regarding the June 30, 2020 wreck and Leland Wolfe.

7.

Please produce any Auto Accident Report completed in reference to the motor vehicle collision on June 30, 2020.

8.

Please produce any contracts or other documents relating to the business relationships between all Defendants.

9.

Please produce any Auto Accident Prevention Report completed in reference to the motor vehicle collision on June 30, 2020.

**THE LAW OFFICE OF RICKARD, DREW & NIX**

By:     _/s/ Clyde Rickard_____
        **CLYDE E. RICKARD**
        State Bar No.  604625
        **JESSICA C. NIX**
        State Bar No. 940625
        **CHRISTOPHER SANDBACH**
        State Bar No. 271112
        Attorneys for Plaintiff

229 Peachtree Street, N.E.
Suite 2420
Atlanta, Georgia 30303
(404) 588-1001

- 13 -